UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GAMAL ALI HILTON,<br><br>Plaintiff,<br><br>v.<br><br>DONALD L. KNAPP, *et al.*,<br><br>Defendants. | Case No. 26-cv-12729<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTIONS TO SUSPEND ELECTRONIC SERVICE AND TO INVOKE HIS RIGHT TO AN ARTICLE III ADJUDICATOR (ECF NOS. 17, 18)**

Plaintiff Gamal Ali Hilton, a pro se prisoner of the Michigan Department of Corrections, brings this action under 42 U.S.C. § 1983, against Defendants Donald L. Knapp, Jr., and Cori E. Barkman. ECF No. 1. The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 9.

Hilton moves to suspend electronic service because he is incarcerated and cannot receive electronic filings. ECF No. 17. He claims that he has not received certain filings, such as defendants' dispositive motions or a notice of appearance by counsel for Knapp. *Id.* Under

Federal Rule of Civil Procedure 5(b)(2)(E), a party may serve a filing by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing." But Hilton is not a "registered user" of the Court's e-filing system and has not consented to electronic service. And a party like Hilton "who is *pro se* and not a filing user…is entitled to a hard copy of any paper filed electronically." E.D. Mich. Electronic Filing Policies & Procedures R. 9(e).

But the filings and orders in this case have been served on Hilton by postal mail, as permitted under Rule 5(b)(2)(C). Defendants served their dispositive motions on Hilton by postal mail. ECF No. 6, PageID.70; ECF No. 8, PageID.85. The Court granted Hilton's motion for more time to respond to those motions and ordered defendants to re-serve the motions by postal mail because Hilton claimed that he had not received them. ECF No. 14. Defendants certified that they re-served Hilton with their motions by postal mail. ECF No. 15; ECF No. 16. It is unclear whether Knapp's attorney served his notice of appearance on Hilton, as the filing does not include a certificate of service. ECF No. 7. For Hilton's reference, Knapp's attorney is:

Benjamin David Dietlin
3rd Circuit

General Counsel
2 Woodward Ave.
Ste 742
Detroit, MI 48226
313-224-5687
Email: Benjamin.Dietlin@3rdcc.org

Because service on Hilton is not being made electronically, his motion to suspend electronic service is **DENIED**. But defense counsel is reminded to serve Hilton with all appropriate filings by postal mail under Rule 5.

Hilton also moves to invoke his right for the case to be heard by an Article III district judge instead of a magistrate judge. ECF No. 18. Judge Goldsmith referred this action under 28 U.S.C. § 636(b)(1). ECF No. 9. Party consent is not needed when a district judge refers a matter for a magistrate judge to decide nondispositive pretrial matters under § 636(b)(1)(A), or to issue reports and recommendations on dispositive matters under § 636(b)(1)(B). The Supreme Court found that parties' due process rights are adequately protected by § 636(b)(1). *United States v. Raddatz*, 447 U.S. 667, 680 (1980). And it described "referrals of pretrial but case-dispositive matters under § 636(b)(1)" as "nonconsensual." *Roell v. Withrow*, 538 U.S. 580, 585 (2003).

Hilton's objection to Judge Goldsmith's referral lacks merit and is **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 23, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager